## CHARLES E. WALTON v. INVESTMENT HOLDING COMPANY AND OTHERS.
## F. WILSON POND, RESPONDENT.[1]

June 25, 1937.

No. 31,221.

*John J. Stoller,* for appellant.
*Parker & Parker,* for respondent.

STONE, JUSTICE.

Action to foreclose a mortgage on real estate, wherein plaintiff succeeded below except that the decision subordinated his mortgage "to the title of the defendant F. Wilson Pond, acquired by him by virtue of his purchase" of certain tax certificates. Whether in that respect the decision is sustained by the record is the only real question presented by plaintiff's appeal from the order denying his motion in the alternative for amended findings or a new trial.

Defendant F. Wilson Pond is the son of H. H. Pond, deceased. During the latter's lifetime the property in question was mortgaged to him by the Frissell-DeGarmo Investment Company. Inasmuch

[1]Reported in 274 N. W. 239.

as the mortgagor was a complete stranger to the title, H. H. Pond acquired no interest by the mortgage, notwithstanding its subsequent foreclosure, which added nothing to the barren mortgage. But there was also a judgment for H. H. Pond against the Frissell-DeGarmo Company for the mortgage debt, which as a judgment for money was good.

Pending or before foreclosure by H. H. Pond of the Frissell company mortgage, the involved tax certificates (for taxes of the years 1926 to 1929, inclusive) were purchased in the name of F. Wilson Pond. He testified that he bought them with his own money "for an investment on my own part." He admitted that in making his so-called personal "investment" in the tax certificates he borrowed the necessary money on a note signed also by his father. By that purchase he did not, so he testified, intend to "cut" his father "out of his interest," whatever it was. He was asked on cross-examination whether he "purchased these tax assignments for the benefit of your father." An objection to that question was improperly sustained, and he did not answer. But he did admit that he was aware that a settlement had been made between the Frissell-DeGarmo Company and his father "in which this judgment was settled up, which included the taxes." The judgment referred to was the one in favor of H. H. Pond and against the Frissell-DeGarmo Company for the amount of the mortgage debt. It included the amount of the very taxes here in question. The debt for the taxes, as between the Ponds on the one side and the Frissell-DeGarmo Company on the other, was merged in the judgment. After that judgment was satisfied, as it was, the debt for the taxes, at least as to H. H. Pond, was discharged. If defendant F. Wilson Pond was acting merely as the agent of his father or as his partner (they had been partners for a time), it is impossible to sustain any conclusion other than that neither of the Ponds had any further claim against the land or its owner for the taxes. The simple reason is that the tax item had become merged in the judgment and was discharged by its settlement and satisfaction.

The trial was finished May 28, 1934. There was no decision below until July 31, 1935, on which date findings of fact, conclusions of

law, and order for judgment were filed. They were in plaintiff's favor on all issues including that concerning taxes above considered. One of the findings was in substance that defendant F. Wilson Pond bought the tax certificates as "agent and trustee and with moneys and credits furnished by" his father, H. H. Pond; that the son purchased the certificates "in his name but in reality for H. H. Pond"; and that they were in fact the property of the father although "the record title" of the certificates was in the name of the son. It followed necessarily upon that view of the facts (and we consider no other tenable) that the tax certificates disappeared as a claim against anyone, and also as a lien on the property, when the judgment in favor of H. H. Pond and against the Frissell-DeGarmo Company was satisfied.

January 7, 1936, on motion of defendant F. Wilson Pond, the findings and order for judgment were amended so as to subordinate plaintiff's mortgage to the tax certificates in the name of defendant F. Wilson Pond. The evidence being as it is, we consider that, for reasons already sufficiently appearing, the first finding in respect to the tax certificates should stand; and that it was error to substitute for it the contrary one, the latter being in manifest opposition to the only reasonable inference, that first adopted below, supported by the whole record.

The debt secured by plaintiff's mortgage exceeds the value of the premises of which defendant F. Wilson Pond is in possession. Already there has been too much delay. The case should be ended. That result can and should be accomplished by vacating the order amending the decision first made under date of July 31, 1935, and by reinstating the latter. The order should be reversed and the case remanded with directions to proceed accordingly.

So ordered.